

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Morris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-4461
Re: Does the County Auditor of
Polk County have the authority
to demand the information set
forth before approving the ex-
pense account of the Sheriff?

Your letter requesting the opinion of this depart-
ment on the above stated question reads as follows:

"Our Sheriff owns his automobile. The Com-
missioner's Court pays him 4¢ per mile. We
think that he may travel some miles that is not
to the interest of Polk County, or in line with
his duties. His milage is computed by reading
his speedometer at the end of the month, he has
not volenteered any deductions for personal
trips.

"I propose to prepare a form showing date,
from where, to where, purpose of trip, speedometer
readings at the start & at the end of this trip.
Then compute the miles in this manner, and any
personal trips shown they can be deducted.

"Have I, as County auditor, the authority to
demand this before approving his account for tra-
vel expenses? Or has the Commissioner's Court
this authority before they allow this account
for travel expenses? Or should the Commissioner's
Court be satisfied with his account, just show-
ing speedometer readings, and allow the account,
would I have the authority to demand more than a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Fred Norris, Page 2

sworn statement, stating that these miles
were traveled in line of duty, same being
necessary, etc.

"Please give me a ruling, or advise as
to the proper steps to take in this matter."

Polk County has a population of 20,635 inhabitants
according to the 1940 Federal Census, and the county officials
of said county are compensated on an annual salary basis.

Section b of Article 3899, Vernon's Annotated Civil
Statutes, reads in part as follows:

"(b)  Each officer named in this Act,
where he receives a salary as compensation
for his services, shall be empowered and per-
mitted to purchase and have charged to his
county all reasonable expenses necessary in
the proper and legal conduct of his office,
premiums on officials' bonds, premium on fire,
burglary, theft, robbery insurance protecting
public funds and including the cost of surety
bonds for his Deputies, such expenses to be
passed on, pre-determined and allowed in kind
and amounts, as nearly as possible, by the
Commissioners' Court once each month for the
ensuing month, upon the application by each
officer, stating the kind, probable amount of
expenditure and the necessity for the expenses
of his office for such ensuing month, which
application shall, before presentation to said
court, first be endorsed by the County Auditor,
if any, otherwise the County Treasurer, only
as to whether funds are available for payment
of such expenses.  . . .

"Such purchases shall be made by each offi-
cer, when allowed, only by requisition in man-
ner provided by the County Auditor, if any,
otherwise by the Commissioners' Court.  Each
officer shall, at the close of each month of
his tenure of office, make an itemized and sworn
report of all approved expenses incurred by him
and charged to his county, accompanying such
report with invoices covering such purchases
and requisitions issued by him in support of

Honorable Fred Norris, Page 3

such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices and requisitions shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said County Auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein.

". . .

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose."

Generally speaking, the general duties of the Auditor are to keep an oversight of all the officers of the county, district or state, who may be authorized or required to receive or collect money for the use of or belonging to the county,

Honorable Fred Morris, Page 4

and to see to the strict enforcement of the laws governing county finances. More specifically, it is his duty to examine accounts and reports, count cash, prescribe forms and rules to be used in the collection of county revenues, and receive bids for materials and supplies. He is required to keep enumerated accounts, make quarterly and annual financial reports to the Commissioners' Court, and to perform various other duties imposed upon him by law.

Article 1666, Vernon's Annotated Civil Statutes, referring to the County Auditor, provides:

"He shall prescribe and prepare the forms to be used by all persons in collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county."

It will be noted that Article 3899, supra, only authorizes and imposes the duty upon the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county, once each month and to keep a public record thereof. This article further provides that "no automobile owned by the county shall be used for any private purpose." Where the automobile or automobiles used by the sheriff or his deputies,are owned by the county and are not used for any private purpose, the amount of mileage traveled can be determined by a speedometer reading of each of said automobiles used in the transaction of official business. However, where such automobile or automobiles are owned by the sheriff or his deputies and are used for private purposes as well as on official business the proper mileage traveled on official business cannot be determined by a reading of the speedometer of such automobile or automobiles.

We think that it is clear that the Legislature contemplated paying the sheriff or his deputies four cents for each mile traveled in the discharge of official business when the sheriff or his deputies used their own automobiles, and that there was no intention whatsoever that the sheriff or his deputy should be paid four cents a mile for the use of their automobiles when traveling for any purpose other than the discharge of official business.

In view of the foregoing statutes, it is our opinion that the County Auditor has the legal authority and right to prescribe and prepare forms to be used by the sheriff or his deputies which will show the correct number of miles traveled in the discharge of official business. Clearly, the sheriff or his deputies cannot be legally paid any amount for the use of their automobiles other than the statutory amount when such automobiles are used in the discharge of official business. In other words, no mileage should be allowed to the sheriff or his deputies when they used their automobile or automobiles for any private purpose or any purpose other than the discharge of official business, and as above stated, the Auditor can prescribe and prepare the forms to be used in determining the correct number of miles traveled by such officials in the discharge of their official business, provided such forms and regulations in connection therewith are not inconsistent with the Constitution and laws of this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:OO

